IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**TRIANGLE USA PETROLEUM CORPORATION**, *et al.*,<br><br>Debtors.<br><br>**TIDAL ENERGY MARKETING (U.S.) L.L.C.**,<br><br>Plaintiff,<br><br>v.<br><br>**TRIANGLE USA PETROLEUM CORPORATION, DEBTOR-IN-POSSESSION, BILL D. FARLEIGH REVOCABLE TRUST**, *et al.*,<br><br>Defendant. | Chapter 11<br><br>Case No. 16-11566 (MFW)<br><br>Jointly Administered<br><br><br><br>Adv. Pro. No. 16-51037 (MFW) |

## MOTION FOR LEAVE TO DEPOSIT FUNDS INTO COURT REGISTRY

Interpleader-Plaintiff Tidal Energy Marketing (U.S.) L.L.C. ("**Tidal**"), pursuant to Del. Bankr. L.R. 3011-1(c) and 9013-1, Federal Rule of Civil Procedure 67, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7067, moves the Court for leave to deposit into the registry of the Court $220,048.80 in suspense funds ("**Funds**"), which comprise all of the production revenue withheld by Tidal in connection with the crude oil purchases it made from the subject properties identified in its *Amended Complaint for Declaratory and Interpleader Relief* ("**Amended Complaint**") (Adv. Docket Number 3).

This adversary proceeding is an interpleader action arising from a dispute among the multiple claimants named as defendants in the Amended Complaint who have asserted, and continue to assert, conflicting claims and entitlements to the Funds, including ownership and

perfected lien interests. The background facts and procedural history of this litigation are set forth more fully in Tidal's Amended Complaint. (Adv. Docket Number 3) Tidal is a mere stakeholder and bears no blame for the existence of the ownership controversy, nor for a failure to resolve the underlying dispute in favor of one or more of the defendants to the exclusion of the others. As such, good cause exists to order the deposit of the Funds. Furthermore, the reason for deposit complies with 28 U.S.C. § 1335 (the "**Federal Interpleader Act**"). Upon deposit, the Clerk of Court should hold the Funds until further order of this Court directs their distribution.

Without waiving its entitlement to be compensated for its costs of litigation, including reasonable and necessary attorneys' fees incurred, Tidal requests an order of this Court 1) permitting Tidal to deposit the Funds into the Court's registry so that the Court can adjudicate the merits of the conflicting claims and demands of the defendants concerning the Funds while Tidal is freed from further participation in the case and 2) releasing and discharging Tidal from all liability to Defendants and all parties at any time asserting a claim of entitlement to the Funds on account of the subject matter of this action, or relating to the Court's distribution of the deposited funds. Tidal respectfully reserves its right to seek reimbursement for its costs of litigation and fees incurred upon further application therefor, pursuant to further order of the Court.

A proposed form of Order is attached.

Date:  September 30, 2016          Respectfully submitted,

                                             **STEVENS & LEE, P.C.**

                                             /s/ *Joseph H. Huston, Jr.*
                                             Joseph H. Huston, Jr. (No. 4035)
                                             Jason D. Angelo (No. 6009)
                                             919 North Market Street, Suite 1300
                                             Wilmington, DE  19801
                                             T: (302) 425-3310 / F: (610) 371-7972
                                             Email: jhh/jda@stevenslee.com

*-and-*

Mark S. Finkelstein (*admitted pro hac vice*)
SHANNON, MARTIN, FINKELSTEIN, ALVARADO & DUNNE, P.C.
1001 McKinney Street, Suite 1100
Houston, Texas 77002
P 713.646.5503 | F 713.752.0337
mfinkelstein@smfadlaw.com

**ATTORNEYS FOR TIDAL ENERGY MARKETING (U.S.) L.L.C.**