IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re: : Chapter 11
:
TRIANGLE USA PETROLEUM : Case No. 16-11566 (MFW)
CORPORATION, *et al.*, :
: Jointly Administered
Debtors.[1] :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 363, AND 554 AND BANKRUPTCY RULE 2002 AUTHORIZING AND APPROVING PROCEDURES FOR THE SALE, TRANSFER, OR ABANDONMENT OF DE MINIMIS ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES WITHOUT FURTHER ORDER OF COURT**

Upon the motion (the "**Motion**")[2] of the Debtors for an order under Bankruptcy Code sections 105(a), 363, 554 and Bankruptcy Rule 2002 authorizing and approving procedures for the sale, transfer, or abandonment of surplus, obsolete, non-core, or burdensome assets of de minimis value of the Debtors (the "**De Minimis Assets**"), free and clear of liens, claims, interests, and encumbrances; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby,

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Triangle USA Petroleum Corporation (0717); Foxtrot Resources LLC (6690); Leaf Minerals, LLC (9522); Ranger Fabrication, LLC (6889); Ranger Fabrication Management, LLC (1015); and Ranger Fabrication Management Holdings, LLC (0750). The address of the Debtors' corporate headquarters is 1200 17th Street, Suite 2500, Denver, Colorado 80202.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED, as set forth herein.

2. The Debtors are authorized to sell or transfer the De Minimis Assets in accordance with the following procedures (the "**De Minimis Asset Sale Procedures**"):

   (a) With regard to sales or transfers of the De Minimis Assets in any individual transaction or series of related transactions to a single buyer or group of related buyers with an aggregate selling price[3] equal to or less than $250,000, the Debtors are authorized to consummate such transaction(s) if the Debtors determine in the reasonable exercise of their business judgment that such sales or transfers are in the best interest of the estates without further order of the Court or notice to any party.

   (b) With regard to sales or transfers of the De Minimis Assets in any individual transaction or series of related transactions to a single buyer or group of related buyers with an aggregate selling price greater than $250,000 and up to or equal to $2,500,000:

   (i) The Debtors are authorized to consummate such transaction(s) if the Debtors determine in the reasonable exercise of their business judgment that such sales or transfers are in the best interests of the estates, subject to the procedures set forth in this Order;

   (ii) The Debtors shall give written notice by first class mail of each such sale (the "**Sale Notice**") to (A) the U.S. Trustee; (B) counsel to the Creditors' Committee (to the extent appointed); (C) counsel to the RBL Agent; (D) counsel to the TUSA Unsecured Notes Trustee; (E) counsel to the Ad Hoc Noteholder Group; (F) counsel to Caliber; (G) counsel to TPC; and (h) any known affected creditor (other than the Prepetition Secured Parties) asserting a Lien on the De Minimis Asset subject to sale (collectively, the "**Notice Parties**");

   (iii) The Sale Notice shall (A) identify of the De Minimis Assets being sold or transferred, (B) identify the purchaser of the assets, (C) state the purchase price, and (D) state the significant terms of the sale or transfer agreement, including, but not limited to, any payments to be made by the Debtors on account of commission fees to agents, brokers, auctioneers, and liquidators;

---

[3] For purposes of these procedures, "selling price" shall refer to the gross sale price set forth in the applicable purchase and sale agreement.

      (iv)    If no written objections from any of the Notice Parties are filed with the Court and served on counsel to the Debtors within seven days after service of such Sale Notice, then the Debtors are authorized to immediately consummate such sale or transfer; and

      (v)    If any Notice Party files and serves on counsel to the Debtors a written objection to any such sale or transfer with the Court within seven days after service of such Sale Notice, then the relevant De Minimis Asset shall only be sold or transferred upon submission of a consensual form of order resolving the objection as between the Debtors and the objecting party or further order of the Court after notice and a hearing.

(c)    Pursuant to Bankruptcy Code section 363(f), all sales of De Minimis Assets pursuant to this Order shall be free and clear of all Liens, if any, with any and all such valid and perfected Liens to attach to proceeds of the sales with the same validity, priority, force and effect such Liens had on the property immediately prior to the sale, subject to the rights, claims, defenses, and obligations, if any, of the Debtors and all interest parties with respect to any such asserted Liens; *provided however*, that in all events such Liens shall attach to in accordance with, and be subject to, the terms and conditions of the *Interim Order Pursuant To Bankruptcy Code Sections 105(a), 361, 362, 363, 503, and 507, Bankruptcy Rules 2002, 4001, and 9014, and Local Bankruptcy Rule 4001-2 (I) Authorizing Debtors To Use Cash Collateral; (II) Granting Adequate Protection To Prepetition Secured Parties; (III) Modifying Automatic Stay; (IV) Granting Related Relief; and (V) Scheduling A Final Hearing* [Docket No. 44] or any cash collateral order then in effect (as applicable, the "**Cash Collateral Order**"). To the extent the De Minimis Assets constitute Prepetition Collateral or Adequate Protection Collateral (each as defined in the Cash Collateral Order), the proceeds thereof shall be distributed in accordance with, and subject to, the terms and conditions of the Cash Collateral Order.

3.    The Debtors expect to take all commercially reasonable steps to market all De Minimis Assets proposed to be sold in an effort to maximize the value received.

4.    Sales of De Minimis Assets conducted in accordance with the De Minimis Asset Sale Procedures shall be deemed arm's-length transactions entitled to the protections of Bankruptcy Code section 363(m).

5.    The sale transactions consummated pursuant to this Order shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing

officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order; and each and every federal, state, and local governmental agency or department is directed to accept this Order as sole and sufficient evidence of the transfer of title to any particular purchaser, and such agency or department shall rely upon this Order in consummating the transactions contemplated hereby.

6. Notwithstanding anything to the contrary herein, sales and dispositions of De Minimis Assets and the aggregate amount of De Minimis Assets sold pursuant to this Order shall comply in all respects with the provisions of the Cash Collateral Order.

7. The Debtors are authorized pursuant to Bankruptcy Code section 554(a) to abandon De Minimis Assets in accordance with the following procedures (the "**De Minimis Asset Abandonment Procedures**"):

(a) The Debtors shall give written notice of the abandonment (the "**Abandonment Notice**") to the Notice Parties; *provided however,* solely with respect to the abandonment of real property, the Debtors shall also give written notice to (i) counsel for the United States Environmental Protection Agency and (ii) counsel for the environmental agency of the state where the property is located;

(b) The Abandonment Notice shall contain a (i) reasonably detailed description of the De Minimis Assets to be abandoned, (ii) the Debtors' reasons for such abandonment, and (iii) any payments to be made by the Debtors in connection with such abandonment including, but not limited to, commission fees to agents, brokers, auctioneers, and liquidators;

(c) If no written objections from any of the Notice Parties are filed with the Court and served on counsel to the Debtors within seven days after the date of service of such Abandonment Notice, then the Debtors are authorized to immediately proceed with the abandonment; and

4

(d) If a written objection from any Notice Party is filed with the Court and served on counsel to the Debtors within seven days after service of such Abandonment Notice, then the relevant De Minimis Assets shall only be abandoned upon either the consensual resolution of the objection by the parties in question or further order of the Court after notice and a hearing.

8. During the Chapter 11 Cases, the Debtors will provide a written report or reports, within 30 days after each calendar quarter (to the extent any sales or transfers of De Minimis Assets were consummated or effectuated or any De Minimis Assets were abandoned pursuant to this Order for the relevant quarter), concerning any such sales, transfers, or abandonments made pursuant to the relief requested herein (including the names of the purchasing parties and the types and amounts of the sales) to the Notice Parties and those parties requesting notice pursuant to Bankruptcy Rule 2002; *provided, however*, that the Debtors shall file a report pursuant to this Order 30 days after confirmation of a chapter 11 plan of reorganization, and following such filing, the Debtors shall have no additional or further reporting obligations with respect to the De Minimis Assets.

9. The Debtors are authorized to take all actions necessary to implement the relief granted in this Order, including paying those necessary fees and expenses incurred in the sale, transfer or abandonment of De Minimis Assets (including, but not limited to, commission fees to agents, brokers, auctioneers, and liquidators).

10. Nothing contained herein shall prejudice the Debtors' right to seek Court authorization for the sale of any asset of the Debtors under Bankruptcy Code section 363 by separate motion.

11. To the extent that there may be any inconsistency between the terms of the Cash Collateral Order and this Order, the terms of the Cash Collateral Order shall govern. Notwithstanding anything to the contrary contained herein, any payment to be made or received,

or authorization contained hereunder, shall be subject to the requirements under the Cash Collateral Order.

12.    Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.    The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this order.

Dated: Wilmington, Delaware

    _____, 2016

_____
Honorable Mary F. Walrath
UNITED STATES BANKRUPTCY JUDGE