IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------x
                              :
In re:                        : Chapter 11
                              :
TRIANGLE USA PETROLEUM        : Case No. 16-11566 (MFW)
CORPORATION, *et al.*,        :
                              : Jointly Administered
         Debtors.[1]          :
                              : **Related Docket Nos: 12, 44, 120, 123, 146,**
------------------------------x **146, 152, <u>207</u>**

**ORDER AMENDING INTERIM ODER PURSUANT TO BANKRUPTCY CODE
SECTIONS 105(a), 361, 362, 363, 503, AND 507, BANKRUPTCY RULES 2002, 4001, AND
9014, AND LOCAL BANKRUPTCY RULE 4001-2 (I) AUTHORIZING DEBTORS TO
USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO
PREPETITION SECURED PARTIES; (III) MODIFYING AUTOMATIC STAY;
(IV) GRANTING RELATED RELIEF; AND (V) SCHEDULING A FINAL HEARING**

Upon the motion (the "**Motion**") of the above-referenced debtors, as debtors in possession (collectively, the "**Debtors**") in the above-captioned cases (the "**Cases**"), pursuant to sections 105(a), 361, 362, 363, and 507 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 4001-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Local Rules**"), seeking authorization for the RBL Credit Parties[2] to use Cash Collateral, and certain related relief; and the Court having held an interim hearing on the Motion on June 30,

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Triangle USA Petroleum Corporation (0717); Foxtrot Resources LLC (6690); Leaf Minerals, LLC (9522); Ranger Fabrication, LLC (6889); Ranger Fabrication Management, LLC (1015); and Ranger Fabrication Management Holdings, LLC (0750). The address of the Debtors' corporate headquarters is 1200 17th Street, Suite 2500, Denver, Colorado 80202.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Interim Order (as defined below).

2016; and the Court having entered an order granting the Motion on an interim basis [Docket No. 44] (the "**Interim Order**"); and the Court having held a further hearing on the Motion on August 1, 2016, at 11:30 a.m. (prevailing Eastern Time) to consider the relief requested on a final basis; and the Court having held a telephonic status conference on August 3, 2016, at 4:00 p.m. (prevailing Eastern Time), at which status conference the Debtors, the RBL Agent, and the Ad Hoc Noteholder Group advised the Court that such parties were unable to agree to the terms of a proposed Final Order; and such parties having further advised the Court that they consent to the amendment of the Interim Order on the terms set forth herein (this "**Order**"); and due and sufficient notice of the Motion and the relief granted herein having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby,

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Interim Order is hereby amended as follows:

(a) Paragraph 3(f)(vii) and note 3 of the Interim Order are deleted in their entirety;

(b) Paragraph 3(g) of the Interim Order is amended to delete the phrase: "the Restructuring Support Agreement,";

(c) Paragraph 9(a) of the Interim Order is amended to replace the phrase "Thirty-five days after entry of the Interim Order" with the phrase "September 6, 2016";

(d) Paragraph 9(b) of the Interim Order is deleted in its entirety;

(e) Paragraph 9(c) of the Interim Order is deleted in its entirety;

(f) Paragraph 9(o) of the Interim Order is amended to delete the phrase: "including without limitation the Restructuring Support Agreement or Alternative RSA";

(g) Paragraph 25 of the Interim Order is amended to read in its entirety: "**Continued Hearing.** A further hearing to consider (a) the relief requested in the Motion on a

final basis or (b) the use of Cash Collateral on a nonconsensual basis as the Debtors may subsequently request on or before August 17, 2016, is scheduled for September 1, 2016, at 10:30 a.m. (prevailing Eastern Time) before this Court (the "**Continued Hearing**")."

(h) Paragraph 26 of the Interim Order is amended to read in its entirety: "Nothing in the Interim Order shall grant a lien on assets which are not property of a Debtor."

The Interim Order, as amended hereby (the "**Amended Interim Order**"), shall remain in full force and effect in accordance with its terms. Notwithstanding any provisions of the Bankruptcy Rules to the contrary, including, without limitation, Bankruptcy Rules 6004(h), 6006(d), 7062, and 9014, this Order and the Amended Interim Order shall be immediately effective and enforceable upon entry hereof, and there shall be no stay of the execution or effectiveness of this Order or the Amended Interim Order.

2. The Debtors shall promptly serve a notice of the Continued Hearing, together with copies of this Order and the original Interim Order, on all parties having been given notice of the Interim Hearing and any other party that has filed a request for notices with this Court.

3. The Court has and will retain jurisdiction to enforce this Order and the Amended Interim Order.

Dated Wilmington, Delaware

_____August 4_____, 2016

_____
Honorable Mary F. Walrath
UNITED STATES BANKRUPTCY JUDGE