# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re: : Chapter 11
:
TRIANGLE USA PETROLEUM : Case No. 16-11566 (MFW)
CORPORATION, *et al.*, :
: Jointly Administered
Debtors. :
: **Related Docket Nos. 1120,** 1128
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER GRANTING REORGANIZED DEBTORS' MOTION FOR FINAL DECREE AND ORDER CLOSING CERTAIN BANKRUPTCY CASES PURSUANT TO THE THIRD AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF TRIANGLE PETROLEUM CORPORATION AND ITS SUBSIDIARY DEBTORS**

Upon the motion (the "**Motion**")[1] of the above-captioned post-confirmation debtors (the "**Reorganized Debtors**") for a final decree and order (this "**Order**") pursuant to section 350(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3022-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Bankruptcy Rules**") closing certain of the above-referenced chapter 11 cases (the "**Completed Cases**") and due and sufficient notice of the Motion having been given; and the Court having determined the Completed Cases have been fully administered; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Reorganized Debtors, their estates and creditors; and after due deliberation thereon and due and sufficient cause appearing therefor, it is hereby,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED as set forth herein.

2. Effective as of the entry of this Order, the chapter 11 cases set forth below are closed pursuant to Bankruptcy Code section 350(a), Bankruptcy Rule 3022, and Local Bankruptcy Rule 3022-1:

| **Debtor Name** | **Chapter 11 Case Number** |
| --- | --- |
| Triangle USA Petroleum Corporation | 16-11566 (MFW) |
| Foxtrot Resources LLC | 16-11567 (MFW) |
| Leaf Minerals, LLC | 16-11568 (MFW) |

3. The Completed Cases are hereby removed from the joint administration order [Docket No. 37]. The Remaining Cases shall remain open pending further order of the Court and shall be administered under the following amended caption:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
| --- | --- | --- |
| In re: | : | Chapter 11 |
| Ranger Fabrication, LLC, *et al.*, | : | Case No. 16-11570 (MFW) |
|     f/k/a/ Triangle USA Petroleum | : | |
|     Corporation, *et al.* | : | Jointly Administered |
| Debtors.[2] | : | |

4. The Clerk of the Court shall enter this Order on the dockets of each of the Chapter 11 Cases and the dockets of the Completed Cases shall be marked as closed.

---

[2] The Debtors and the last four digits of their respective taxpayer identification numbers are: Ranger Fabrication, LLC (6889); Ranger Fabrication Management, LLC (1015); and Ranger Fabrication Management Holdings, LLC (0750). The address of the Debtors' corporate headquarters is 1001 17th Street, 14th Floor, Denver, Colorado 80202. The chapter 11 cases of certain affiliates of the Debtors have been closed. *See* Docket No. [●].

2

5. This Order is without prejudice to any parties' right to seek to re-open any of the Completed Cases for good cause shown.

6. The appointment and services of Prime Clerk as the claims and noticing agent in the Chapter 11 Cases shall be terminated as of the date hereof. Thereafter, except as provided in paragraph 7 below, Prime Clerk shall have no further obligations to the Court, the Debtors, the Reorganized Debtors, or any party in interest with respect to Prime Clerk's claims and noticing services in these Chapter 11 Cases; *provided*, *however*, Prime Clerk may continue to provide any other services that may be requested by the Reorganized Debtors.

7. Pursuant to Local Bankruptcy Rule 2002-1(f)(ix) and (xii), within twenty-eight days of entry of this Order, Prime Clerk (or the Reorganized Debtors, as applicable) shall (a) forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, (c) docket an updated (and final) claims register, and (d) docket a completed SF-135 Form indicating the accession and location numbers of the archived claims, all at the expense of the Reorganized Debtors. Prime Clerk will box and deliver all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19154.

8. Should Prime Clerk receive any mail regarding the Reorganized Debtors or Debtors after entry of this Order, Prime Clerk shall collect and forward such mail no less frequently than monthly to the Reorganized Debtors at the following address (or such other address as may be subsequently provided by the Reorganized Debtors to Prime Clerk): Nine Point Energy, LLC, 1001 17th Street, 14th Floor, Denver, Colorado 80202.

9. Notwithstanding the foregoing, as soon as practicable following the entry of this Order, the Reorganized Debtors shall pay Prime Clerk for services performed as claims and

noticing agent in accordance with the terms of this Court's *Order Granting Debtors' Application for Entry of Order Under Section 156(c) of Title 28 of the United States Code, Bankruptcy Code Section 105(a), Bankruptcy Rule 2002, and Local Bankruptcy Rule 2002-1(f) Authorizing Debtors to Employ and Retain Prime Clerk LLC as Claims and Noticing Agent* Nunc Pro Tunc *to the Petition Date* [Docket No. 38] and the Engagement Agreement (as defined in the aforementioned order).

10. The Reorganized Debtors reserve any and all rights, claims, defenses, counterclaims, rights to setoff, and right to recoupment with respect to the Farleigh Claims, the Fleck Claim, the Slawson Claims, and the Jacobson Claim, and nothing included herein shall impair, prejudice, waive, or otherwise affect any such rights, claims, and defenses.

11. The Reorganized Debtors and their advisors are authorized and directed to take any and all necessary or appropriate in connection with closing the Remaining Cases.

12. To the extent not already paid, the Reorganized Debtors shall pay the U.S. Trustee fees due in connection with the Completed Cases under 28 U.S.C. § 1930 within 30 days of entry of this Order.

13. The final report for the Reorganized Debtors in the Closing Cases required under Local Rule 3022-1(c) shall be included as part of a consolidated final report for all the Reorganized Debtors and filed in connection with the closure of the Remaining Cases.

14. Notwithstanding any stay that might be applicable to this Order, this Order shall be effective and enforceable immediately upon its entry.

15. The Court shall retain jurisdiction with respect to all matters arising from, relating to, or in connection with the Chapter 11 Cases or this Order.

**Dated: March 13th, 2019**
**Wilmington, Delaware**

1029532.05D-CHISR01A - MSW

5

*Mary F. Walrath*
**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**